# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                       **No. 4:20-cr-107-DPM**

**RANDY LOYD PANKEY JR.**

## REPORT AND RECOMMENDATION

**I.**   **Procedures for Filing Objections**

This Report and Recommendation has been sent to Chief Judge D.P. Marshall Jr. Parties may file objections if they disagree with the findings or conclusions set out in this Report and Recommendation. To properly object to a finding or recommendation, a party must specifically identify the finding or conclusion believed to be erroneous and explain why the party believes it to be in error.

To be considered, objections must be filed within 14 days. Parties who fail to file objections within the time allowed risk waiving the right to later contest the findings and conclusions set out below.

**II.**   **Findings of Fact**

On March 21, 2023, Defendant Randy Loyd Pankey Jr. appeared with his lawyer, Molly Sullivan, to enter a plea of guilty to the offense of Possession with Intent to Distribute Methamphetamine, a violation of Title 21 U.S.C. Sections

841(a)(1) and 841(b)(1)(B), as charged in Count II of the Indictment.[1] Mr. Pankey consented to having a magistrate judge preside over the change-of-plea hearing with the concurrence of his lawyer.[2] Assistant United States Attorney John Ray White, appearing on behalf of the government, also consented.

At the hearing, Mr. Pankey acknowledged having had meaningful conversations with his lawyer about his constitutional rights, the charge against him in the Indictment, forfeiture of property, the sentencing guidelines, the possible penalties he faces, and the terms of the parties' plea agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B).[3] Mr. Pankey affirmed his satisfaction with Ms. Sullivan's representation and work on his behalf in this case.

Before entering his guilty plea, Mr. Pankey acknowledged the possible criminal penalties that will result from his guilty plea, specifically: a prison sentence of not less than 5 years, but not more than 40 years; a fine of not more than $5,000,000; a term of supervised release of not less than 4 years; and a special penalty assessment of $100. Mr. Pankey acknowledged that the sentence to be

---

[1] Chief United States District Judge D.P. Marshall Jr., the presiding district judge in this case, referred this Defendant's change-of-plea hearing to me for a report and recommendation. *Doc. 27*.

[2] *Doc. 31*.

[3] *Docs. 32, 33*.

imposed is solely Chief Judge Marshall's decision, notwithstanding the parties' plea agreement.

At the hearing, Mr. Pankey expressed his understanding that, by pleading guilty to the Indictment and entering into the parties' plea agreement, he is giving up many of his constitutional and other federally protected rights, including: the right to a trial by jury; the right to remain silent; the right to compel witnesses to testify on his behalf; the right to cross-examine (through counsel) witnesses against him at a trial; and the right to appeal his conviction and sentence in almost all circumstances.

Mr. Pankey confirmed that he is pleading guilty to the crime of Possession with Intent to Distribute Methamphetamine because he is actually guilty of that crime. Specifically, he admitted that, on July 4, 2019, Conway police discovered at least 5 grams, but less than 50 grams, of methamphetamine, along with plastic baggies and digital scales, in Mr. Pankey's car, pursuant to a lawful search of the car. In the plea agreement, parties stipulated that Mr. Pankey possessed at least one firearm in connection with the offense.

Ms. Sullivan concurred in Mr. Pankey's decision to plead guilty. She further stated her opinion that Mr. Pankey is fully competent to enter a guilty plea and that his decision to plead guilty is voluntary and made with full knowledge of the consequences.

Considering Mr. Pankey's demeanor at the hearing, his responses to my questions, and his admissions in open court, I find that he is competent to enter a knowing and voluntary plea of guilty. I further find that Mr. Pankey's guilty plea is supported by an independent basis in fact as to each essential element of the offense of Possession with Intent to Distribute at least 5 but less than 50 grams of methamphetamine, in violation of Title 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(B), as charged in Count II of the Indictment.

I also find the parties' plea agreement to be a fair, reasonable resolution to this case. The evidence against Mr. Pankey is compelling; he faces a substantial prison sentence under the terms of the agreement. On the other hand, the Government has agreed to dismiss the remaining charges in the Indictment (Counts I and III).

### III. Recommendations

Based on the record in this case and all attendant circumstances, I recommend that Chief Judge Marshall accept the Defendant's plea of guilty to the crime of Possession with Intent to Distribute at least 5 but less than 50 grams of methamphetamine, in violation of Title 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(B), as charged in Count II of the Indictment, and adjudge Defendant Randy Loyd Pankey Jr. guilty of that offense.

I further recommend that Chief Judge Marshall accept the parties' plea agreement as a reasonable, just resolution to this case; and that he dismiss Counts I and III of the Indictment upon acceptance of Mr. Pankey's guilty plea, pursuant to the parties' plea agreement and the government's conditional motion to dismiss.

DATED this 22nd day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE